JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ANGEL LUIS TORRES GONZALEZ

## DEFENDANTS
AUTO CASH, INC.

**(b)** County of Residence of First Listed Plaintiff: **BARRANQUITAS PR**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **SAN JUAN PR**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
JORGE RAFAEL COLLAZO, ESQ
PO BOX 1494
COAMO PR 00769        9787)825-7161

Attorneys *(If Known)*
UNKNOWN

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [x] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | | | [ ] 862 Black Lung (923) | |
| | | | | [ ] 863 DIWC/DIWW (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
11 USC362 and 524/25 USC 157(b)(1) and 1334

Brief description of cause:
Violation of Automatic Stay and Injuction Order of Discharge

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: Hon. Bryan Tester
DOCKET NUMBER: 13-06652-BKT

DATE: November 6, 2020

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #  |  AMOUNT  |  APPLYING IFP  |  JUDGE  |  MAG. JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | * | CASE NO.: 13-06652-BKT |
| ANGEL LUIS TORRES GONZALEZ | * | |
| Debtor | * | CHAPTER 13 |
| ******************************************** | | |
| ANGEL LUIS TORRES GONZALEZ | * | ADVERSARY PROC. NO. |
| Plaintiff | * | |
| | * | COMPLAINT FOR WILLFULL |
| vs | * | VIOLATION OF THE |
| | * | AUTOMATIC STAY; VIOLATION |
| AUTO CASH, INC. | * | OF DISCHARGE INJUCTION & |
| Defendant | * | CIVIL CONTEMPT; REQUEST |
| ******************************** | | FOR DAMAGES |

* COMPLAINT *

**TO THE HONORABLE COURT:**

Comes now, Angel Luis Torres González (from hereon referred to as "Plaintiff"), through the undersigned attorney, and before this Court respectfully presents the following complaint.

## I. INTRODUCTION & JURISDICTION

1. This action seeks judgment finding Defendant in contempt for failure to abide and comply with the automatic stay and discharge injuction entered by this Court in favor of Plaintiff and seeks monetary, punitive, declaratory and injunctive relief for Defendant's violations of sections 362 and 524 of the Bankruptcy Code, 11 U.S.C. 362 and 524.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157(b)(1) and 1334.

3. This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(A), (I) and (J).

-1-

4. Venue is proper in this District Court under 28 U.S.C. 1408 & 1409, in as such all the events or omissions giving rise to the claims of the captioned case ocurred within the territory of this jurisdictional district.

## II. PARTIES

5. Angel Luis Torres González, Plaintiff, is a Chapter 13 debtor under case number 13-06652-BKT, he is of legal age and resident of Barranquitas, Puerto Rico with the following postal address, HC-1 Box 5595, Barranquitas, Puerto Rico 00794.

6. Defendant, Auto Cash, Inc., (from hereon referred to as "Auto Cash") is an institution organized under the "Corporate Law of Puerto Rico, with postal address at PO Box 368001, San Juan PR 00936-8001; and physical address at Triple S Plaza 1510 Avenue, F.D. Roosevelt, Guaynabo, Puerto Rico.

7. On August 15, 2017 Plaintiff filed a Chapter 13 petition for relief under case number 13-06652-BKT. Chapter 13 Trustee appointed for the administration of the bankruptcy estate was José Ramón Carrión Morales, Esq.

8. Schedule D filed with the petition for relief lists Auto Cash, Inc., claim against Plaintiff as secured claim in the amount of $2,200.00 and a collateral valued at $5,000.00 consistin the car title (2004 Kia-Sorento, vin: KNDJD733245232437). See **Exhibit A** of this Complaint.

9. On August 16, 2013 this Honorable Court entered Notice of Chapter 13 Bankruptcy Case (docket no. 6) in which it stated that the filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtor's property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from

-2-

debtors by mail, phone or otherwise. Creditors who violates the stay can be required to pay actual and punitive damages and attorney's fees. **See Exhibit B** of this complaint.

10. On August 18, 2013 the Bankruptcy Court filed certificate of service of notice upon creditors including creditors Auto Cash, Inc. (docket no. 7)

11. On October 9, 2013 Auto Cash, filed claim no. 4 as secured in the total amount of $4,593.30.

12. Debtor's plan dated August 15, 2013 was confirmed on Octoer 16, 2013 (docket # 15). That plan proposed pay in full Auto Cash's claim.

13. Chapter 13 Trustee paid in full Auto Cash's claim, that is $4,593.30.

14. On January 15, 2019 this Honorable Court entered "Order of Discharge" (docket no. 34) in favor of Plaintiff. The order included an explanation which stated "Creditors cannot collect discharged debts. This order means that no one may make any attempt to collect a discharge debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees." **Exhibit C** of this complaint.

15. A copy of the "Order of Discharge" was notified upon Auto Cash, Inc., and its counsel of record.

16. Plaintiff did not waive his right to a complete discharge under 11 U.S.C. 1328 an no agreement pursuant to 11 U.S.C. 524 was signed by Plaintiff or agreed with Auto Cash, Inc.

17. Discharge was granted in favor of Plaintiff in good faith and no objections to discharge or complaint to determine dischargeability or debt were filed before or after the entry of Order of Discharge.

18. Notwithstanding the entry of order of automatic stay and the Order Discharge in favor of debtor, Auto Cash, Inc., continued in the possession of debtor's motor vehicle title and refuses to deliver or surrender the same to debtor/plaintiff.

19. Auto Cash, Defendant knew that they were prohibited to collect any personal liability against Plaintiff but continued with the prosecution of the collection of debt requesting $800.00 from debtor to surrender the title.

20. The actions perpetrated by Auto Cash, caused damages to Plaintiff, as he has been placed in a state of anguish, helplessness, mental suffering and shame, when requested money for a debt which had been stayed and later paid by Chapter 13 Trustee.

21. Auto Cash/Defendant knew of the discharge and did not objected to the same, but its action refusing to surrender the car title unless the $800.00 is paid first, for the same debt which was paid in full in the bankruptcy proceedings, is a violation to the Discharge Order.

22. The actions perpetrated by Defendant are a clear and willful violation of the provisions of the Bankruptcy Code and of the discharge injunction entered by this Court in favor of Plaintiff pursuant to 11 U.S.C. 1328.

### IV. CIVIL CONTEMPT AND REQUEST FOR RELIEF

23. Plaintiff realleges each and every allegation in paragraphs 5 thru 21 of this complaint as if fully set herein, as part of her request for finding Defendants in contempt of this Court's orders and discharge injunction.

24. The actions perpetrated by Defendant caused damages to Plaintiff, as he has been placed in a state of mental and physical auguish, mental suffering and shame, after having been requested money already paid by Trustee, which was subject to the automatic stay and later discharged within the bankruptcy proceedings.

-4-

25. Defendant have continued with the prosecution of the debt collection action against Plaintiff, without any regard of the orders entered by this Court staying collection efforts against Plaintiff, orders which were both served to auto Cash and its counsel.

26. Defendant knew of automatic stay imposed by this Court an did not obtain prior Court authorization to continue debt collections against Plaintiff.

27. The actions perpetrated by Defendant are a clear and willful violation to the Bankruptcy Code, of the automatic stay imposed by section 362 of the Bankruptcy Code and discharge granted by this Court under Section 1328 of the Bankruptcy Code.

28. Defendant acted with knowledge that Plaintiff had filed a petition for relief and that an automatic stay of collections order had been entered staying the continuation of any proceeding for collection against Plaintiff.

29. Defendant acted with knowledge that Plaintiff obtained a Discharge from personal liabilities and that the continuance of any collection effort was prohibited by law, such act is a willful and intentional violation of the Discharge Injection against debt collection and bankruptcy law.

30. Auto Cash, Inc., actions are willful, intentional and egregious in violation of the automatic stay an Discharge Order.

31. As a result of Defendant's intentional, deliberate and unlawful conduct, the plaintiff is entitled to compensatory damages int the amount of $10,000.00 for suffering and mental anguish; plus $10,000.00 for actual damages.

32. The Defendant's intentional and deliberate actions are in reckless disregard of this Honorable Court order for which punitive damages in an amount of not less than $50,000.00 dollars should be awarded to the plaintiff.

33. As a result of the defendant's deliberate actions, the plaintiff is entitled to costs and attorney's fee.

**WHEREFORE** in view of the foregoing, Plaintiff respectfully requests this Honorable Court to grant judgement in favor of the Plaintiff finding that Defendant violated the injunctive orders entered by this Court and is severally liable to plaintiff in the following manner:

    i.    $20,000.00 in actual and compensatory damages against Defendant,

    ii.    $50,000.00 in punitive damages against Defendant;

    iii.    Impose costs and attorney's fees in favor of Plaintiff;

It is also requested that this Court enter order directing Defendant to:

    iv.    Cease and desit from continuing requesting from debtor the amount of $800.00 prior to the surrender of plaintiff's car titlle.

    v.    That Defendant be held in contempt of court for disregard of automatic stay and violating the Order of Discharge.

    vi.    Order Defendant to deliver and surrender 2004 Kia-Sorrento title to Plaintiff.

**RESPECTFULLY SUBMITTED**

In Coamo, Puerto Rico, this 6 day of November 2020.

*S:\JORGE RAFAEL COLLAZO SANCHEZ*
ATTORNEY FOR DEBTOR
USDC-PR: 127203
BOX 1494
COAMO, PR 00769
TEL.: (787) 825-7161
FAX : (787) 825-7122
lcdocollazolaw@gmail.com

-6-

IN RE **TORRES GONZALEZ, ANGEL LUIS** _____ Case No. _____
                                         Debtor(s)                                                  (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H -- Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 1593<br>AUTO CASH<br>PO BOX 368001<br>SAN JUAN, PR 00936-8001 | | H | JULY 12, 2013<br>CONDITIONAL SALE CONTRACT OVER 2004 KIA SORENTO<br><br>VALUE $ 5,000.00 | | | | 2,200.00 | |
| ACCOUNT NO. 09-033702-03<br>MUEBLERIA BERRIOS<br>BOX 674<br>CIDRA, PR 00639 | | H | CONDITIONAL SALE CONTRACT OVER WASHER<br><br>VALUE $ 300.00 | | | | 762.00 | 462.00 |
| ACCOUNT NO.<br> | | | <br>VALUE $ | | | | | |
| ACCOUNT NO.<br> | | | <br>VALUE $ | | | | | |

_0_ continuation sheets attached

                                        Subtotal<br>(Total of this page)   $ 2,962.00   $ 462.00

                                        Total<br>(Use only on last page)   $ 2,962.00   $ 462.00

(Report also on Summary of Schedules.)   (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B9I (Official Form 9I) (Chapter 13 Case) (12/12)      Case Number 13−06652 −BKT 13

## UNITED STATES BANKRUPTCY COURT District of Puerto Rico

### Notice of
### Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines

The debtor(s) listed below filed a chapter 13 bankruptcy case on 8/15/13.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

**Creditors –– Do not file this notice in connection with any proof of claim you submit to the court.**
**See Reverse Side For Important Explanations**

Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
ANGEL LUIS TORRES GONZALEZ
PO BOX 1426
COROZAL, PR 00783−0000

| Case Number:<br>13−06652 −BKT 13 | Social Security / Individual Taxpayer ID / Employer Tax ID / Other nos:<br>xxx−xx−8978 |
|---|---|
| Attorney for Debtor(s) (name and address):<br>JORGE R COLLAZO SANCHEZ<br>COLLAZO SANCHEZ LAW OFFICE<br>PO BOX 1494<br>COAMO, PR 00769<br>Telephone number: 787 825−7161 | Bankruptcy Trustee (name and address):<br>JOSE RAMON CARRION MORALES<br>PO BOX 9023884<br>SAN JUAN, PR 00612<br>Telephone number: 787 977−3535 |

### Meeting of Creditors
Date: **September 18, 2013**      Time: **11:00 AM**
Location: **OCHOA BUILDING, 500 TANCA STREET, FIRST FLOOR, SAN JUAN, PR 00901**

### Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

**Deadline to File a Proof of Claim:**
For all creditors (except a governmental unit): **12/17/13**    For a governmental unit (except as otherwise provided in Fed. R. Bankr. P. 3002 (c)(1)): **2/11/14**

**Creditor with a Foreign Address:**
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts: 11/18/13**

### Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

### Filing of Plan, Hearing on Confirmation of Plan
The debtor has filed a plan. The hearing on confirmation will be held:
Date: **October 11, 2013**, Time: **02:30 PM**, Location: **300 RECINTO SUR STREET, COURTROOM 1 SECOND FLOOR, SAN JUAN, PR 00901**
The confirmation hearing may be continued from time to time by announcement at the confirmation hearing of the continued date and time without further written notice.

### Creditors May Not Take Certain Actions:
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, the debtor's property, and certain codebtors. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

| Address of the Bankruptcy Clerk's Office:<br>Jose V Toledo Fed Bldg & US Courthouse<br>300 Recinto Sur Street, Room 109<br>San Juan, PR 00901<br>Telephone number: (787) 977−6000 | For the Court:<br>Clerk of the Bankruptcy Court:<br>MARIA DE LOS ANGELES GONZALEZ, ESQ. |
|---|---|
| Hours Open: Monday − Friday 8:00 AM − 4:00 PM | Date: 8/16/13 |

| | EXPLANATIONS | B9I (Official Form 9I) (12/12) |
|---|---|---|
| Filing of Chapter 13 Bankruptcy Case | A bankruptcy case under Chapter 13 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by the debtor(s) listed on the front side, and an order for relief has been entered. Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts pursuant to a plan. A plan is not effective unless confirmed by the bankruptcy court. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on the front of this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the debtor's property and may continue to operate the debtor's business, if any, unless the court orders otherwise. | |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. | |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions against the debtor and certain codebtors are listed in Bankruptcy Code § 362 and § 1301. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. | |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. | |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. A Proof of Claim form ("Official Form B 10") can be obtained at the United States Courts website: (http://www.uscourts.gov/FormsAndFees/Forms/BankruptcyForms.aspx) or at any bankruptcy clerk's office. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. If you do not file a Proof of Claim by the "Deadline to File a Proof of Claim" listed on the front side, you might not be paid any money on your claim from other assets in the bankruptcy case. To be paid, you must file a Proof of Claim even if your claim is listed in the schedules filed by the debtor. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. **Filing Deadline for a Creditor with a Foreign Address:** The deadlines for filing claims set forth on the front of this notice apply to all creditors. If this notice has been mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. *Do not include this notice with any filing you make with the court.* | |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to a discharge under Bankruptcy Code § 1328(f), you must file a motion objecting to discharge in the bankruptcy clerk's office by the "Deadline to Object to Debtor's Discharge or to Challenge the Dischargeability of Certain Debts" listed on the front of this form. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 523 (a)(2) or (4), you must file a complaint in the bankruptcy clerk's office by the same deadline. The bankruptcy clerk's office must receive the motion or the complaint and any required filing fee by that deadline. | |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors, even if the debtor's case is converted to chapter 7. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. | |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of property claimed as exempt, at the bankruptcy clerk's office. | |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. | |

**Refer to Other Side for Important Deadlines and Notices**

| Information to identify the case: | | | | |
|---|---|---|---|---|
| Debtor 1 | ANGEL LUIS TORRES GONZALEZ | | Social Security number or ITIN | xxx-xx-8978 |
| | First Name  Middle Name  Last Name | | EIN | __-_____ |
| Debtor 2 (Spouse, if filing) | First Name  Middle Name  Last Name | | Social Security number or ITIN EIN | ____ __-_____ |
| United States Bankruptcy Court | **District of Puerto Rico** | | | |
| Case number: | 13-06652 -BKT 13 | | | |

# Order of Discharge                                                    12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

ANGEL LUIS TORRES GONZALEZ

January 15, 2019

By the court:

Brian K. Tester
United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

For more information, see page 2

Form 3180W                          Chapter 13 Discharge                          page 1

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

**13-06652-BKT13** ANGEL LUIS TORRES GONZALEZ
**Case type:** bk **Chapter:** 13 **Asset:** Yes **Vol:** v **Bankruptcy Judge:** BRIAN K. TESTER
**Date filed:** 08/15/2013 **Date of last filing:** 09/30/2020 **Plan confirmed:** 10/16/2013
**Debtor discharged:** 01/15/2019
**Date terminated:** 01/15/2019

# Creditors

| | |
|---|---|
| **AUTO CASH**<br>PO BOX 368001<br>SAN JUAN, PR 00936-8001 | (3772613)<br>(cr) |
| **BANCO POPULAR DE PUERTO RICO**<br>BANKRUPTCY DEPARTMENT<br>PO BOX 366818<br>SAN JUAN PR 00936-6818 | (3780688)<br>(cr) |
| **CITIFINANCIAL**<br>BOX 71587<br>SAN JUAN, PR 00936-8428 | (3772614)<br>(cr) |
| **EMP. BERRIOS FINANCIERA**<br>PO BOX 674<br>CIDRA, PR 00739-0674 | (3784470)<br>(cr) |
| **GE Capital Retail Bank**<br>c/o of Recovery Management Systems Corp<br>25 S.E. 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 | (3852839)<br>(ntcapr) |
| **ISLAND FINANCE**<br>PO BOX 71504<br>SAN JUAN, PR 00936 | (3772615)<br>(cr) |
| **MUEBLERIA BERRIOS**<br>BOX 674<br>CIDRA, PR 00639 | (3772616)<br>(cr) |
| **SANTANDER FINANCIAL D/B/A ISLAND FINANCE**<br>PO BOX 195369<br>SAN JUAN PR 00919-5369 | (3784342)<br>(cr) |
| **SEARS**<br>PO BOX 71204<br>SAN JUAN, PR 00936 | (3772617)<br>(cr) |
| **WALMART**<br>PMB 725 PO BOX 4960<br>CAGUAS, PR 00724 | (3772618)<br>(cr) |

| PACER Service Center |||||
|---|---|---|---|---|
| Transaction Receipt |||||
| 10/28/2020 12:19:03 |||||
| **PACER Login:** | jr0380:2575572:0 | **Client Code:** | | |
| **Description:** | Creditor List | **Search Criteria:** | 13-06652-BKT13 Creditor Type: All | |
| **Billable Pages:** | 1 | **Cost:** | 0.10 | |